UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GARRY T. SEAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-354-TS |
| | ) | |
| EDDIE BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Garry T. Seay, a *pro se* prisoner, filed this habeas corpus petition challenging the August 28, 2006, determination in case number CIC 06-08-133 by the Disciplinary Hearing Board (DHB) that he was guilty of threatening in violation of B-213. He was sanctioned with the loss of 180 days earned credit time. Seay raises three grounds in this Court.

First, he alleges that the DHB refused to review a videotape that he requested. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be permitted to submit relevant, exculpatory evidence, the denial of this videotape is not a due process violation because it could not have been exculpatory. Seay was strip searched on August 20, 2006, by Correctional Officer David Humphrey because he was suspected of taking food from the chow hall. (DE 1-2 at 1.) Humphrey's Conduct Report stated that during that incident Seay threatened him by making a statement that a relative of Seay's in an unspecified internal affairs unit would "take care of this." (*Id.*) In the Conduct Report, Humphrey stated that on August 10, 2006, Seay had been previously warned about threatening after making a similar comment. (*Id.*) As proof of that prior warning, Humphrey submitted his own statement describing a threat that occurred on August 10, 2006. (DE 1-2 at 5.) Sergeant K. Thomas also provided a statement that corroborated those events that occurred on August 10, 2006. (DE 1-2 at 6.)

Seay requested the videotape of the chow hall to prove that Thomas was not on the unit. (DE 1-2 at 7.) Seay's request stated that the videotape would show that Thomas was in the chow hall making a call to Humphrey and ordering the strip search. (DE 1-2 at 7.) That strip search occurred on August 20, 2006. Therefore, even though the videotape request does not identify the date of the tape Seay was requesting, it must have been the August 20, 2006, chow hall tape. Seay argues that this will prove that Thomas lied in his statement because he could not have witnessed his threats. (DE 1-1 at 4.) The flaw with this argument is even if it is true that Thomas was in the chow hall making a call on August 20, 2006, that does nothing to undermine the credibility of Thomas' statement concerning events that occurred ten days prior on August 10, 2006. The August 20, 2006 videotape could not prove that Thomas' statement about the events of August 10, 2006, was false. Therefore, the videotape could not be relevant or exculpatory. "[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (per curiam). The same principle applies to irrelevant, unnecessary videotapes. Therefore, this ground presents no basis for habeas corpus relief.

Second, Seay argues that he was denied a continuance to obtain the previously discussed videotape. The tape was irrelevant. Nevertheless, even if it had been relevant, *Wolff v. McDonnell*, 418 U.S. 539 (1974), does not require the granting of a continuance.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (parallel citations omitted). Therefore, this ground presents no basis for habeas corpus relief.

Third, Seay argues that he did not receive a second hearing before he was demoted in credit class. He argues that this violated state law. Indiana Code 35-50-6-4 requires a hearing before a demotion in credit class, but it does not require a second or separate hearing from one where earned credit time is lost. Nevertheless, even if it did, this Court cannot grant habeas relief for violations of state law.

> We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (quotations and citations omitted). Furthermore, Seay was not demoted in credit class for this violation. Therefore, this ground presents no basis for habeas corpus relief.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing Section 2254 Cases, Rule 4. Here, the petition does not present any basis for habeas corpus relief. Therefore, it must be denied.

For the foregoing reasons, this habeas corpus petition is **DENIED**.

SO ORDERED on February 22, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION